IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALFRED A. MCQUERRY                                                                                          PLAINTIFF

v.                                    Civil No. 1:12-cv-01060

CATHY PHILLIPS; HON. HAMILTON
SINGLETON; TENNILLE PRICE;
ROBIN CARROLL; ATTORNEY
CLAPPENBACK; CAREN HARP;
LT. WALTER BASS; SGT. JAMES
GREER; SGT. SANDERS; JONATHAN
MESSER; OFFICER MORGAN; NURSE
KELLY PEPPERS; and JUDGE VANHOOK                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Alfred McQuerry, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Corrections Grimes Unit in Newport, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

I.  BACKGROUND

Plaintiff filed his original Complaint on June 11, 2012. ECF No. 1. Plaintiff makes multiple claims in his Complaint all of which he claims started on October 19, 2009. First, Plaintiff claims he is the victim of a conspiracy, legal fraud, discrimination, and slander. Then Plaintiff claims he has been unable to wash his clothes, refused a razor, refused a shower, refused a hair cut, refused grievance and sickcall forms, and denied medical care. Additionally, he claims he was refused a lawyer for fifty (50) days as well as forced to sign paper without a lawyer present. ECF No. 1, p. 5. Plaintiff does not indicate, in his Complaint, where he was incarcerated when the above events occurred.

Plaintiff also alleges multiple claims regarding his safety as an inmate: (1) Sgt. James Greer constantly threatened Plaintiff and enticed an officer at "Pine Bluff ADC" to attack Plaintiff; (2) Sgt. Sanders placed Plaintiff in a hostile environment with other inmates and as a result he was hurt; (3) Jonathan Messer constantly harassed Plaintiff; and (4) Officer Morgan would not let Plaintiff make phone calls, constantly harassed Plaintiff, and enticed other inmates to hurt Plaintiff. ECF No. 1, p. 6.

Additionally, Plaintiff makes multiple challenges to his criminal proceedings and conviction. First, he claims Defendants lied on witness statements, he was refused a change of venue, his lawyer, the judge, and the prosecuting attorneys in his criminal case were friends of the victims father, there was no evidence of his criminal charges, his charges are excessive, and he had no legitimate counsel during his criminal proceedings. ECF No. 1, p. 5. Plaintiff then goes on to make specific claims against each Defendant: (1) Caren Harp, Plaintiff's public defender, had a conflict of interest because she is friends with the El Dorado Police Captain (who is also the

2

victim's father); (2) Tennille Price, prosecuting attorney, also had a conflict of interest stemming from her friendship with the police captain; (3) Detective Cathy Phillips lied on the paper work and is friends with the police captain; (4) Judge Hamilton Singleton is friends with the police captain, (5) Robin Carroll, prosecuting attorney, is also friends of the police captain; and (6) Mr. Clappenback, the public defender Plaintiff claims did not appear for his court date, is also a friend of the police captain. ECF No. 1, p. 6.

Finally, Plaintiff lists the "Union County Jail Administrator" and Lt. Walter Bass as Defendants but does not list any specifics regarding his claims against these individuals. ECF No. 1, p. 6.

The Plaintiff requests the Court dismiss his charges and immediately release him from prison. Additionally, he requests monetary compensation. ECF No. 1, p. 8.

On November 15, 2012, the Court prepared an Addendum for Plaintiff in order to clarify the claims made in his Complaint. ECF No. 5. Plaintiff completed the Addendum and filed it with the Court on November 29, 2012. ECF No. 6.

In his Addendum, Plaintiff explains the facts related to his conspiracy, legal fraud, discrimination, and slander claims. While Plaintiff's explanation of these claims in his Addendum is more convoluted than the claims in his original Complaint, the Court has determined that the basis for the conspiracy, legal fraud, and slander claims center around Plaintiff's allegations that he was falsely arrested, convicted, and imprisoned for a crime he did not commit. Plaintiff claims that all of the Defendants are friends with Police Captain Weaver, the victims father, and they have all lied and falsified records and statements to get him arrested and imprisoned. ECF No. 6, pp. 1-2. Additionally, Plaintiff seeks to add Judge VanHook who "arrested him for rape in court with

no evidence" as a Defendant in this matter. ECF No. 6, p. 1.

The only explanation Plaintiff offers in his Addendum regarding his discrimination claim is to lists actions taken against him. Specifically, the denial of yard call from October 19, 2009 to February 15, 2010; and the denial of clean clothes, a shower, a razor, grievances, and medical attention from October 19, 2009 to November 27, 2009. Plaintiff also claims he was denied his tendinitis medication from October 19, 2009 to February 15, 2012. Finally, Plaintiff claims he was denied "a [l]egitimate [l]awyer" for fifty (50) days, and when he was provided a new lawyer, he was a friend of "Plaintiff['s] family.[1]" ECF No. 6, p. 2. Plaintiff fails to allege any reason why he was being discriminated against.

Also in his Addendum, Plaintiff explains that he was incarcerated at the Union County Detention Center ("UCDC") during all times at issue in this case. Plaintiff claims that from October 19, 2009 to November 27, 2009,[2] he was denied clean clothes, a shower, a razor, and a hair cut. Additionally, from October 20, 2009 to February 15, 2010, Plaintiff was denied grievances and "sickcall and medical." ECF No. 6, p. 2. Plaintiff also claims he was denied medication for his tendinitis from October 20, 2009 to December 15, 2010. ECF No. 6, p. 3. Further, Plaintiff claims that Johnathan Messer, Officer Morgan, and Sgt. Sanders denied him clean clothes, a razor, a shower, a hair cut, grievances, sickcall forms, and medical care. Finally, Plaintiff claims Nurse Kelly Peppers ignored him. ECF No. 6, p. 3.

---

[1] Based on the context in the Addendum, the Court can only presumes Plaintiff is not complaining because his new public defender was a friend of his own family. Instead, the Court interprets this to indicate that Plaintiff's new public defender was a friend of the family of the victim in Plaintiff's criminal proceedings as previously alleged by Plaintiff in his Complaint.

[2] In a later paragraph in his Addendum, Plaintiff states he was denied clean clothes, a razor, a shower, and a hair cut from October 21, 2009 to November 27, 2009. ECF No. 6, p. 3.

Plaintiff explains in his Addendum that he needed grievance forms (which were denied) to request medical care for his painful tendinitis and dizziness and to complain about mold, no "T.B. lights" or testing, improper yard calls, broken showers, no hot water in sinks, broken toilet, roaches, improper security protocols, and neglect. ECF No. 6, p 3.

Regarding his denial of medical care claim, Plaintiff explains in his Addendum that he suffered severe pain from the attack and torture of Captain Weaver on October 18 and 19, 2009, and the attack with "telementry lasers" in the "jail" on October 19, 2009. ECF No. 6, p. 4. These attacks and Plaintiff's tendinitis and dizziness cause him severe pain. Plaintiff claims Lt. Bass and Nurse Kelly ignored his request for medical care. He did receive aspirin from the doctor on "October 23." ECF No. 6, p. 4.

Plaintiff also explains his denial of a lawyer claim more fully in his Addendum. Plaintiff alleges he saw a lawyer for one minute while in Court on December 10, 2009 and that lawyer did not know anything about Plaintiff's case. Plaintiff never saw him again and fired him. ECF No. 6, p. 4. Plaintiff claims he suffered from not having a lawyer because the officers and inmates "set him up." Plaintiff claims "[t]hey were told I was a baby [r]aper." Plaintiff was placed in the general population and beaten. ECF No. 6, p. 4. Plaintiff received a new lawyer but that lawyer had a conflict of interest. ECF No. 6, p. 5.

Finally, Plaintiff also elaborates his failure to protect claims in his Addendum. Plaintiff alleges that Defendants, Sgt. Greer and Sanders, Jonathan Messer, and Officer Morgan, threatened him. All of the threats described by Plaintiff are verbal threats of physical violence against Plaintiff or threats of placing Plaintiff in the general population so the other inmates could hurt

5

him.[3]  ECF No. 6, pp. 5-6.  Plaintiff also claims that Lt. Bass and Ken Jones failed to protect him from the UCDC officers and inmates.  Specifically, Lt. Bass tried to hide the fact that another inmate, Isaac Scott, attacked Plaintiff.  ECF No. 6, p. 6.  Lastly, Plaintiff alleges that it is practice and custom of the UCDC to harass inmates that have sexual assault charges.  ECF No. 6, p. 7.

## II.     DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### A.     Immunities

Judges are generally immune from lawsuits.  *See Mireles v. Waco*, 502  U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges

---

[3] Plaintiff does, however, claim that an Officer Stevens physically attacked him but Officer Stevens is not a Defendant in this matter.  ECF No. 6, p. 6.  Plaintiff did not indicate he would like to name Officer Stevens as a defendant in this matter in his Complaint or his Addendum.

performing judicial functions enjoy absolute immunity from § 1983 liability.").

Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff failed to allege any facts, in his Complaint to indicate either of these situations apply here. Therefore, Plaintiff's claims against Judge Singleton and Judge Van Hook are barred by the doctrine of judicial immunity and should be dismissed.

Further, Tennille Price and Robin Carroll, the prosecuting attorneys named by Plaintiff as Defendants in this matter, are also immune from suit. In *Imbeler v. Pachtman,* the United States Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Plaintiff failed to allege any claim that Carroll or Price acted outside of initiating a prosecution and presenting the State's case against him. Plaintiff's claim that Carroll and Price were friends with the victim's family does not indicate either prosecutor should be stripped of their absolute immunity.

7

To the extent the complaint seeks injunctive relief against Carroll and Price, I find the claim is not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, a Plaintiff must show serious risk of irreparable harm. *See Pulliam v. Allen,* 466 U.S. 522, 538 (1984). Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*; *see also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir.1975). Plaintiff has not alleged he exhausted his state remedies regarding his criminal conviction or that the alleged friendship of Carroll and Price with the victims family will cause him irreparable harm. Therefore, Plaintiff has not stated a cognizable claim for injunctive relief under section 1983.

Finally, Caren Harp and Attorney Clapenback, Plaintiff's public defenders, are not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Harp and Clapenback were not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law shen performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").

B.   <u>Arrest, criminal proceedings, conviction, and imprisonment</u>

Plaintiff makes multiple challenges regarding what he alleges is his illegal arrest, criminal investigation, conviction, and imprisonment. The Court also notes that Plaintiff's claims of conspiracy, legal fraud, and slander are nothing more than additional challenges to his arrest, criminal investigation, conviction, and imprisonment. In *Heck v. Humphrey,* 512 U.S. 477 (1994),

the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87.  Here, Plaintiff did not assert that his conviction has been set aside or otherwise held invalid, and therefore, Plaintiff has not stated a cognizable claim under section 1983.  Accordingly, Plaintiff's claims relating to his arrest, criminal investigation, conviction, and imprisonment should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C §§ 1915(e)(2)(B)(ii) and 1915A(a).  As Plaintiff's only complaint against Defendant Cathy Phillips relates to his arrest and criminal investigation, she should be dismissed as a Defendant in this matter.

Furthermore, Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).  In his Complaint, Plaintiff specifically requests his charges be dropped and he be immediately released from prison.  *Habeas corpus* is the appropriate avenue to seek relief of this nature.

### III.    CONCLUSION

Accordingly, I recommend all of Plaintiff's claims against Defendants Cathy Phillips, Honorable Hamilton Singleton, Honorable Vanhook, Tennille Price, Robin Carroll, Attorney

9

Clapenback, and Carn Harp, and all of Plaintiff's claims regarding Plaintiff's arrest, criminal investigation, conviction and imprisonment be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  This leaves for resolution Plaintiff's claims regarding his conditions of confinement, inadequate medical care and medication, grievances, and safety in the UCDC.[4]  The issue of service for these claims will be addressed by separate order.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **9th day of January 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that Plaintiff made a claim he titles "discrimination" in his Complaint and Addendum, however, upon through examination of Plaintiff's Complaint and Addendum, the Court has determined that this claim is more accurately one relating to the conditions of Plaintiff's confinement in the UCDC and recommends treating it as such.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004) (The Court may liberally construe a *pro se* plaintiff's complaint, however, the plaintiff must allege sufficient facts to support their claims).