IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALFRED A. MCQUERRY                                                                                PLAINTIFF

V.                                             Civil No. 12-cv-1060

CATHY PHILLIPS; HON HAMILTON
SINGLETON; TENNILLE PRICE;
ROBIN CARROLL; ATTORNEY
CLAPPENBACK; CAREN HARP
LT. WALTER BASS; SGT. JAMES
GREER; SGT. SANDERS; JONATHAN
MESSER; OFFICER MORGAN; NURSE
KELLY PEPPERS; and JUDGE VANHOOK                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed January 9, 2013 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 7). Judge Bryant has reviewed Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915 and recommends dismissal of certain claims and Defendants while retaining others. Plaintiff has filed an objection to Judge Bryant's report. (ECF No. 11). After a *de novo* review of the record, the Court adopts Judge Bryant's report as its own.

Upon review of Plaintiff's Complaint, Judge Bryant found that Plaintiff asserts claims from two different factual circumstances. First, Plaintiff brings claims related to his arrest, investigation, conviction, and imprisonment. He essentially claims that all stages of his criminal proceeding were conducted unlawfully. Second, he asserts claims involving his conditions of confinement, inadequate medical care and medication, grievances, and safety in the Union County Detention Center.

Judge Bryant recommends dismissal of all claims against Defendants Phillips, Singleton, Van Hook, Price, Carroll, Klappenbach, and Harp because these Defendants enjoy absolute immunity, or otherwise because they are barred from suit. Judge Bryant also recommends dismissal of all the claims related to Plaintiff's arrest, investigation, conviction, and imprisonment because he has failed to state a claim for relief. Plaintiff does not appear to object to the dismissal of Defendants who are barred from suit. He does, however, object to the dismissal of his unlawful arrest, investigation, conviction, and imprisonment claims.

To state a claim for relief for an illegal arrest, criminal investigation, conviction, or imprisonment, Plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has failed to allege any of those facts.

In his objection, Plaintiff argues that he has sufficiently stated a claim for an unlawful arrest, investigation, conviction, and imprisonment because the original charges against him were dropped. Apparently the prosecution dropped charges of rape against Plaintiff and only pursued charges of sexual assault. Plaintiff was then convicted of sexual assault. Plaintiff seems to suggest that because his original charges were dropped, he has alleged sufficient facts regarding the invalidity of his arrest and conviction to satisfy the standard in *Heck*. Plaintiff, however, has not alleged that his sexual assault conviction was overturned or declared invalid in any way. The mere fact that certain charges were dropped, while a lesser included offense was pursued by the prosecution, is not enough to state a claim for an unlawful arrest, conviction, or imprisonment.

Furthermore, Plaintiff cannot bring claims under 42 U.S.C. § 1983 as a means to substitute for *habeas corpus* relief. *Heck*, 512 U.S. at 483-89. Considering the nature of relief

Plaintiff seeks, the appropriate avenue for him appears to be a petition for *habeas corpus*. Therefore, Plaintiff's objection is without merit.

Accordingly, the Court adopts Judge Bryant's report in its entirety. Plaintiff's claims against Defendants Phillips, Singleton, Van Hook, Price, Carroll, Klappenbach, and Harp, and all of Plaintiff's claims related to his arrest, investigation, conviction, and imprisonment should be and hereby are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915 & 1915A. Plaintiff's claims that remain include those related to his conditions of confinement, inadequate medical care and medication, grievances, and safety in the Union County Detention Center.

**IT IS SO ORDERED**, this 2nd day of April, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge