IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ALFRED A. MCQUERRY                                                                          PLAINTIFF


v.                             Civil No. 1:12-cv-01060


LT. WALTER BASS; SGT. JAMES
GREER; SGT. SANDERS; JONATHAN
MESSER; OFFICER MORGAN;
NURSE KELLY PEPPERS; and
KEN JONES                                                                                   DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alfred McQuerry filed this case *pro se* pursuant to 42 U.S.C. § 1983 on June 11, 2012.  ECF No. 1.  Now before the Court is Defendants' Motion to Dismiss.  ECF No. 33.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

Plaintiff filed this action on June 11, 2012.  Subsequently, the Court directed Plaintiff to complete a Court prepared Addendum.  Plaintiff did so and filed it on November 29, 2012.  ECF No. 6.  In his Complaint and Addendum Plaintiff named Walter Bass, James Greer, Sergeant Sanders, Jonathan Messer, Officer Morgan, Nurse Kelley Peppers and Ken Jones as Defendants. Plaintiff alleges his constitutional rights were violated by the conditions of his confinement,

inadequate medical care and medication, grievance issues, and a lack of safety in the Union County Detention Center.[1]

On May 6, 2013, the Court granted Defendants' Motion to Compel and directed Plaintiff to provide Defendants with the required responses by May 27, 2013. ECF No. 22.

In their Motion to Dismiss, Defendants state Plaintiff failed to respond to the discovery requests by the Court imposed deadline and he has not communicated with Defendants since the Court's May 6, 2013 Order. ECF No. 33.

Plaintiff has not responded to Defendants Motion to Dismiss and has not communicated with the Court since February 21, 2013 (ECF No. 29).

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with

---

[1] Plaintiff named additional Defendants and asserted additional claims, however, these defendants and claims were dismissed at the screening stage of this proceeding. ECF No. 20.

orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.    DISCUSSION**

Plaintiff has failed to comply with the Court's order directing he respond to Defendants discovery requests. Plaintiff has also failed to prosecute this case. Plaintiff has not communicated with the Court in this matter in over a year.

The Court's Orders sent to Plaintiff at his address of record were not returned as undeliverable. The Court, however, cannot find a clear record of delay or contumacious conduct by the plaintiff. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

IV.     **CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Order, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 7th day of August 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE